[S. F. No. 21129.  In Bank.  Dec. 18, 1962.]

CLAUDE O. ALLEN, Petitioner, v. THE STATE BAR OF
CALIFORNIA, Respondent.

Garry, Dreyfus & McTernan, Benjamin Dreyfus, Wilmont Sweeney, Richard A. Bancroft, Carl B. Metoyer, Clinton W. White and Loren Miller for Petitioner.

Garrett H. Elmore for Respondent.

THE COURT.—Claude O. Allen, who was disbarred effective November 26, 1957 (*In re Allen*, 52 Cal.2d 762 [344 P.2d 609]), has petitioned for reinstatement. The Board of Governors declined to recommend that he be reinstated, and the matter is now before this court for a review of the board's action.

Allen, who is 46 years old, was admitted to the State Bar in 1954. He pled guilty in 1957 to two counts of soliciting others to commit perjury (Pen. Code, § 653f). Sentence was suspended, and he was placed on probation for three years, conditioned in part on the payment of a $2,000 fine within one year. We referred the matter to the State Bar for report and recommendation as to the extent of discipline to be imposed, and we followed the recommendation of the board that he be disbarred. In our decision we recognized that Allen, a Negro born in Mississippi, had "traveled a long way under difficult circumstances in his service to his country, and in his efforts to improve his position in the community, to participate in the activities of his church and to care for his family." (*In re Allen, supra,* 52 Cal.2d 762, 767-768.)

In 1960, upon the representation of a probation officer that all conditions of probation had been complied with, Allen's plea of guilty was set aside, and the complaint against him was dismissed.

After his disbarment Allen worked as an automobile salesman, executive secretary, and chauffeur. He also engaged in a few other business activities and for a brief time did legal research for an attorney. He has made an effort to keep up with current developments in the law. Two attorneys testified that he borrowed advance sheets from them, that they discussed law with him, and that he was more familiar with recent decisions than they were. There was also testimony by another attorney that Allen helped him prepare for the 1961 bar examination.

Numerous witnesses testified in behalf of Allen as to their belief in his honesty, integrity, and rehabilitation. Some of them had been closely associated with him for a number of years. A deputy probation officer testified that Allen had endeavored to care for his family and regain the respect of the community. A businessman, who as a neighbor saw Allen daily, said he believed that Allen was sufficiently rehabilitated to be entitled to readmission to practice. The minister of the church of which Allen was a member gave similar testimony and also said that he had the impression that Allen had ''a new realization or awakening to the responsibility and the requirements of an attorney.'' Other character witnesses in Allen's behalf included three attorneys, a dentist, and a former employer.

Allen has four children who range in age from 11 to 21. He has maintained his family relationships, attended church regularly, and participated in community affairs including the United Crusade, PTA activities, and the NAACP.

In support of its recommendation against reinstatement the board relies on evidence which, it is claimed, shows that after disbarment Allen ''engaged in activities that bordered upon, if they did not constitute, the practice of law,'' that he associated with persons of questionable reputation, and that his income tax returns and his petition for reinstatement contained a number of errors.

Allen was employed for about one year as secretary of Milk Co-op of California, Inc., and as manager of one of its milk product stores. While so employed, he appeared as a witness before the Milk Control Stabilization Board at a hearing which involved a licensing matter affecting Milk Co-op. The attorney for Milk Co-op was unable, because of illness, to attend the hearing, and in an effort to clarify the facts relating to the matter under investigation, Allen was permitted by the hearing officer to ask a few questions of a witness. After the

hearing Milk Co-op was ordered to file a brief, and a representative of the Attorney General's office suggested to Allen, apparently because of his familiarity with the matter, that he see that the brief was presented in "some sort of decent order." The brief, which was prepared by another officer of the corporation, was corrected and filed by Allen. We do not think that Allen's conduct in connection with this matter warrants denial of his reinstatement.

It appears that Allen worked for about three weeks as a chauffeur for one Jones, who was "known in the community as a gambler." There was evidence, however, that Jones had quit the gambling business several years before Allen was employed by him, and there is no evidence that Allen had anything to do with any illegal or improper activity in which Jones may have been engaged. Allen, with the permission of a probation officer, assisted one Hamilton, who had a record of one or more felony convictions, in obtaining some jobs, and he went on a trip with Hamilton and his brother to Mexico. Allen knew of Hamilton's record, but there is no evidence that Hamilton was engaged in any unlawful activity during the period Allen was assisting him in obtaining employment or during the trip to Mexico. It does appear, however, that after the return from Mexico Hamilton was accused of the murder of his wife, and his conviction on that charge was reversed by this court. (*People* v. *Hamilton,* 55 Cal.2d 881 [13 Cal.Rptr. 649, 362 P.2d 473].) Although this evidence shows that Allen may have been indiscreet, it does not appear that he was guilty of any improper conduct.

There were errors in Allen's income tax returns and in his petition for reinstatement, but it appears that they were minor in nature, and there is no showing that they were made for the purpose of deceiving anyone.

In our decision disbarring Allen we stated that the burden would rest on him to prove by a sustained course of conduct that he had attained a standard of character entitling him to be accepted as a member of the State Bar. (*In re Allen, supra,* 52 Cal.2d 762, 768.) We are of the opinion that the record shows that he has met that burden.

The petition is granted, and it is ordered that the petitioner be reinstated upon the roll of attorneys at law in this state upon payment of the fees and taking the required oath.